Edward M. O’Gorman, J.
The petitioner seeks an order, pursuant to subdivision 5 of section 76 of the Lien Law, directing the trustee condominium herein to permit the examination of its .books and records pertaining to the labor performed and materials furnished .as set forth in the notice of lien heretofore filed.
In a companion proceeding brought by the said condominium, the aforesaid lien was summarily canceled for failure to name and adequately describe the owners of the fee of the property or the property owned by the owner named (79 Misc 2d 1088).
The condominium, named herein as trustee, opposes this application on several grounds.
THE CONTENTION THAT THE CONDOMINIUM IS NOT SUBJECT TO ARTICLE 3-A OF THE LIEN LAW
It is petitioner’s contention that inasmuch as the condominium is not the owner in fee of the property to which the materials were furnished or on which the services were rendered, it is not included among those enumerated in section 70 of the Lien Law as being responsible to hold trust funds under the circumstances claimed.
It cannot be questioned that the condominium is not the owner of the fee of either the individual units or the common elements, and is not properly included in the term ‘ ‘ owner ’ ’ in subdivision 2 of section 70. However, subdivision 2 of section 70 described a “ contractor ” as trustee of funds received by him under a contract for the improvement of real property.
Pursuant to ¡the unique provisions of the Condominium Act, •the board of managers of the condominium is the entity which contracts on behalf of the owners of the fee to obtain materials and services for the improvement of the elements of the condominium owned in common by the fee owners.
In view of .the objectives of article 3-A of the Lien Law and section 339-1 of the Beal Property Law (Art. 9-B; Condominium *1096 Act), the court is of the opinion that it is .an appropriate construction of subdivision 16 of section 70 of the Lien Law to include within the term ‘ ‘ contractor ’ ’ the board of managers of a ■ condominium.
THE CONTENTION THAT THERE ARE NO .TRUST FUNDS OR TRUST ASSETS.
WHICH MAY BE THE SUBJECT OF AN INSPECTION BY PETITIONER
In this connection, petitioner contends that subdivision 3 of section 70 of the Lien Law provides that the trust thereunder commences “ when any asset thereof comes into existence It is contended on behalf of the condominium that there is no statement in the petition that any particular fund has been created or that any trust has commenced.
However, subdivision 6 of section 70 provides .that the assets of the trust of which a contractor is the trustee are the funds received by him and his rights of action for payment thereof under the contract for the improvement of real property. These assets are more specifically defined in subdivision 2 of section 339-1 of the Real Property Law.
THE CONTENTION THAT THE SERVICES ARE NOT AN ‘ ‘ IMPROVEMENT ’ ’
It is contended that petitioner’s services do not qualify for trust treatment under article 3-A of the Lien Law because .they did not involve the permanent improvement of the property.
Petitioner relies on Matter of Magowan (203 N. Y. S. 2d 35). While it should be noted .that .the services described in the notice of lien include the installation of lawns and similar landscaping services which may well distinguish those services from the services involved in Mago wan (supra), the court is of the opinion that-it is unnecessary to reach this question at this time, in view of the provisions of subdivision 2 of section 339-1 of the Real Property Law. This subdivision, which designates funds in the hands of the board of managers for the payment of indebtedness incurred within the scope of its authority, as trust funds, does not place a limitation on the nature of the labor performed or materials furnished to the common elements of the condominium. The statute constitutes the common charges as trust funds for the purpose .of paying the cost of “such labor or materials performed or furnished at the express request or with the consent ’ ’ of the .board of managers.
The term “ such ”, in describing labor or materials which receive trust .protection, is in contradistinction to the word “ no ” in describing labor or materials entitled to a lien. It is clear that all labor .and materials were the subject of the prohibition, and it would seem equally to follow that the same range *1097 of labor and materials was the subject of the alternative trust fund provision.
That this is the proper construction of the Condominium Act is further indicated by the failure of the Legislature to use the language of the Lien Law which limits a mechanic’s lien to improvements as described in subdivision 4 of .section 2 of the Lien Law. The deletion by the Legislature of the term “ improvement ” from section 3394 is significant in this connection.
Thus there arises the issue as to whether the special trust under section 339-1 of the Real Property Law affords the beneficiaries the benefits of section 70 of the Lien Law and associated sections. ¡Subdivision 6 of section 70 of the Lien Law, which defines the trust created under that law, refers to the assets in the hands of the contractor which he has received or will receive under a contract for “ improvement of real property ”.
In this connection, section 71 of the Lien Law, dealing with the purpose of the Lien Law trust, provides that claimants of amounts for which the trustee is authorized to use trust assets are beneficiaries of the trust, whether or not they have filed or had .the right .to file a notice of lien as provided in article 2 of the Lien Law.
All of the trust fund provisions of the Lien Law make clear that they cover a broad range of liens, only one of which is a mechanic’s lien. It therefore does not seem reasonable to conclude that the term “ improvement ” as found in subdivision 6 of ¡section 70 and section 74 was used ;by the Legislature in the narrow sense to which it is limited by subdivision 4 of section 2 of the Lien Law. In the court’s opinion, the language of the trust sections of the Lien Law is broad enough to include, within the range of beneficiaries, the beneficiaries of the trust provisions of the Condominium Act.
In this connection, an amendment to the trust provisions of the Lien Law to take specific account of the form of trust established by section 3394 of the Real Property Law would seem desirable.
In view of the foregoing, it will not be necessary to conduct a hearing in this case to determine whether or not the services rendered by petitioner were for the permanent improvement of the property.
Petitioner’s application to examine the books and records of the above-named condominium with respect to the .services described in paragraph “ 3 ” of the petition will be granted.